## JOLLEY et al. v. CITY OF MACON et al.

1. The grant of a nonsuit was erroneous.
2. The admission of testimony over the objection offered was not erroneous.

No. 6150. June 13, 1928.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. June 13, 1927.

Wesley and Annie Jolley instituted a suit against the City of Macon and its officers, to enjoin interference with plaintiffs' possession of certain realty. On the conclusion of plaintiffs' evidence at the trial, the court granted a nonsuit, and the plaintiffs excepted. In the plaintiffs' petition the land was described as "all of lot number four (4) according to plat made by J. C. Wheeler, Civil Engineer and County Surveyor, and recorded on April 21, 1891, in Book A-J, folio 702, said lot fronting forty-three (43) and one fourth (¼) feet on an easement or right of way leading into Ellis Street (now known as Fifth Avenue) in the City of Macon, Bibb County, Georgia. Also a tract adjoining the above in the rear forty-three and one fourth (43-¼) feet wide and extending back southerly direction a distance of seventy (70) feet." It was alleged: "Immediately north of petitioners' property hereinafter described and adjoining same is a right of way twenty (20) feet in width, leading into said Ellis Street or Fifth Avenue, and used by petitioner and property owners to their east as means of ingress and egress. Between said right of way and petitioners' property is a certain hedge, which said hedge is the northern boundary of lot number four (4), the land to the south of said boundary line belonging to and being in possession of petitioners." A plat of the property is attached as an exhibit. "Petitioners show that there is a large residence on their property hereinbefore described, the front of which porch extends to within ten (10) feet of the northern boundary of lot number four (4) and said right of way, said porch being in excess of seven feet wide, and that by reason of the nature of the structure and its position with reference to said northern lot line a confiscation or appropriation of any of petitioners' land in front of said residence between it and said right of way, and particularly the appropriation and confiscation of seventeen feet across the entire northern end of said lot, would irreparably injure and damage said lot and would ruin, deface, and destroy the value of petitioners' said house, for the reason that such an appropriation or confisca-

tion would cut away and take off the entire length of petitioners' front porch for a space seven feet (7) wide, and would place the front lot line literally at petitioners' front door sill."

There was evidence tending to show the following facts: Sarah Wommack, being the owner of a tract of land on March 13, 1891, caused it to be surveyed and subdivided into lots, and a plat thereof to be recorded in the records of the county on April 21, 1891. After the survey, but before the plat was recorded, Sarah Wommack conveyed the whole property to Lawrence Miller. On July 16, 1891, Miller conveyed one of the lots to R. H. Thomas, thus described: "that tract or parcel of land situate, lying, and being in the County of Bibb, State aforesaid, near the City of Macon, known as lot No. 4 according to a plat and survey of the property of Lawrence Miller, having a front of 43-1/4 feet, more or less, on the continuation of Ellis Street, and extending back to the property of Bailey a distance of 100 feet. Reference is made to the plat attached to the deed of Sarah Wommack to Lawrence Miller, recorded in Book A-J, folio 702, clerk's office, Bibb superior court." Following this there were mesne conveyances of lot No. 4 as thus described, down to the plaintiffs. In 1895 a fence was constructed along the north line of the lot, and a hedge planted just inside the fence, and a dwelling-house was erected on the lot. The successive grantees of the lot remained in actual possession from 1895 until the institution of the suit, a period of more than thirty years. The fence was destroyed, but the hedge remained. Ellis Street, afterwards Fifth Avenue, forty-five feet in width, extended westwardly to the property conveyed by Sarah Wommack to Lawrence Miller. The plat showed Ellis Street as extending westward to the east line of lot No. 1 in the subdivision; a projection of the south line of Ellis street would cross the north end of lots 1 to 4, inclusive, taking off about ten feet of the frontage of each lot. The map, however, does not show any such projected line; it shows the north line of said lots and immediately north of such line a space between parallel lines forty feet in width, running westwardly along the entire length of the north line of the lots. This space is referred to in some of the deeds as a continuation of Ellis Street, and by some of the witnesses as a lane which the public were accustomed to use as a way of ingress and egress for lot No. 4; and this space has the same coloring on the map as Ellis Street. With reference to this space, Sam Wom-

mack testified that "when this plat of property was first divided up and laid out, this whole strip was used as a street." Henry Jolley testified: "That part of Fifth Avenue up to the little lane that runs from Fifth Avenue around to Linwood Avenue has always been used by the city for public traffic. I was familiar with the situation out there before 1895. I used to drive through there. The street, it was a street up to this lane, was then worked by the county, and it was a street up to this lane; and when it came into the city it was worked by the city up to there, and has been used as a street, but it don't face this place in question. That just goes up to my present lot, and up to the alley has always been used as a street by anybody."

*Hunter & Daly* and *James L. Wimberly,* for plaintiff.

*Walter J. Grace* and *Harry S. Strozier,* for defendants.

Hill, J. 1. The City of Macon passed a resolution requiring the removal of obstructions from Fifth Avenue. In pursuance of the resolution and ordinances of the city, the city officials notified Wesley and Annie Jolley to remove the obstructions within a certain time, under specified penalties for failure to do so. Wesley and Annie Jolley brought suit to enjoin the City of Macon and the city officials from interference with their private property. From the pleadings and evidence it developed that there was a dispute between the plaintiffs and defendants as to whether the obstructions were on the private property of the plaintiffs or within the street. The plaintiffs and their predecessors in title had been in possession of lot number 4 of a subdivision for more than thirty years. At the time of the subdiision a plat thereof was made and recorded, and lots were sold with reference to the plat. The subdivision at the time of the survey in 1891 was located at the western terminus of Ellis Street outside of the city limits. The city limits have since been so extended as to include the subdivision, and the name of Ellis Street has been changed to Fifth Avenue. The plat of the subdivision showed lots numbers 1, 2, 3, and 4 to front on the space marked "5," which was 40 feet in width, the north and south lines of which were respectively about 10 feet further north than the north and south lines of Ellis Street, so that the space on which the lots fronted was in part a projection of Ellis Street. The city relied upon the plat of the subdivision and sale of lots with reference thereto, and use of the same by the public as a highway,

to show a dedication of the space marked number 5 as a part of the street now known as Fifth Avenue. If the south line of Ellis Street or Fifth Avenue as it is now called should be projected west to the point where Ellis Street formerly ended, it would extend through lot number 4, so as to cut off and take into the street a portion of the plaintiffs' lot as indicated by the plat. There was evidence tending to show that the obstructions which the city was seeking to have removed were located on a portion of the lot as indicated on the plat that would be cut off by the projection of the south line of Ellis Street across the property which comprised the subdivision as referred to above. The sale of the lots with reference to the plat which showed both the lot and the projected street would not authorize inclusion of any part of the lots in the street, and consequently there would be no dedication to the public as a street of any part of the lot arising from the sale of the lots with reference to the plat. It was erroneous to grant a nonsuit.

2. The court did not err in permitting a witness, Sam Wommack, to testify as follows: "No sir, he [Lawrence Miller] wanted to buy it, and he said he would buy it if we left an opening there to give a street to sell it. We had to leave that out for a street so we could sell it, and he wanted to buy it, and he wouldn't buy it unless we left that open for a street. Q. You understood that it was a street, and he understood it was a street? A. Yes sir. Q. At the time he was buying from you? A. Yes sir." The objection to the testimony was that it was "hearsay and conclusions of the witness, on the ground that parol, prior, or contemporaneous understandings not incorporated in the written conveyance were not binding upon the plaintiffs and were inadmissible in evidence; that said conversation, being between two persons neither of whom owned the land, was inadmissible upon the theory that same was a declaration against his interest by a person since deceased, nor admissible as an admission against interest of persons in possession, both the witness and Lawrence Miller being strangers to the title, neither of them owning at the time of the alleged conversation or subsequently, or in possession of any of the disputed premises."

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I concur in the ruling in the second part of the opinion, upon the ground that a portion of the testimony objected to is admissible, and that where a portion

is admissible the court may admit it, though another portion of the same testimony may be inadmissible.